IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Billy D. Morrison, | ) | |
| | ) | Civil Action No. 4:19-cv-2171-TMC-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| S.C.D.C., Dr. McCree, Dr. Pate, Lee Infirmatory, Nurse Capadonia, and Nurse Blackwell, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Billy D. Morrison, a state prisoner, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 12, 2020, the magistrate judge issued a text order appointing attorney Michael Henthorne as counsel for Plaintiff. (ECF No. 26). This matter is now before the court on Mr. Henthorne's Motion to Withdraw as Plaintiff's counsel. (ECF No. 30). On April 23, 2020, the magistrate judge issued an order granting the motion and informing Plaintiff that he would be proceeding *pro se* and would be responsible for responding to any future court orders. (ECF No. 34). Objections to the magistrate judge's order were due by May 7, 2020. Fed. R. Civ. P. 72(a). Because Plaintiff was served by mail, he was permitted an additional three days, until May 11, 2020, to file any objections. Fed. R. Civ. P. 6(d). The court received no response or objections from Plaintiff by that date. However, on May 15, 2020, the Clerk's Office received and filed Plaintiff's objections to the order dated May 7, 2020. (ECF No. 39). Given the circumstances and the challenges posed by the coronavirus epidemic, the court will consider Plaintiff's late-filed objections. This matter is now ripe for review.

Review of a magistrate judge's decision on non-dispositive[1] matters is deferential, and a magistrate judge's order on such issues will only be set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Avoki v. City of Chester, S.C.*, C/A No. 0:19-cv-00324-SAL-PJG, 2020 WL 1899491, at *3 (D.S.C. April 17, 2020) (applying the clearly erroneous or contrary to law standard to objections to a magistrate judge's denial of a motion to withdraw). A finding "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (defining "clearly erroneous"). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Guarantee Co. of N. Am. USA v. Metro Contracting, Inc.*, No. 2:13-cv-2266-PMD, 2015 WL 402909, at *3 (D.S.C. Jan. 28, 2015).

Plaintiff objects to the magistrate judge's order granting Mr. Henthorne's Motion to Withdraw, but does not offer any specific reason why the magistrate judge's decision was in error. *See* (ECF No. 39). Rather, Plaintiff's objections amount to no more than conclusory accusations against Mr. Henthorne and the magistrate judge. *See id.* Such arguments do not constitute specific objections to the order. Further, the court finds that the magistrate judge's ruling was not clearly erroneous or contrary to law. Thus, Plaintiff's objections to the order granting the motion to withdraw (ECF No. 39) are accordingly **OVERRULED**. This matter is recommitted to United States Magistrate Judge Thomas E. Rogers, III for further pretrial handling in accordance with Local Civil Rule 73.02(B)(2) (D.S.C.).

**IT IS SO ORDERED.**

---

[1] Rule 72 defines non-dispositive motions as motions which are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a).

                                                                                                            s/Timothy M. Cain
                                                                                                            United States District Judge

Anderson, South Carolina
May 21, 2020