UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy D. Morrison, #296920, | ) C/A No. 4:19-2171-TMC-TER |
| a/k/a Billy Devar Morrison, Jr., #256128, | ) |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) |
| S.C.D.C., | ) |
| Lee Infirmary, | ) |
| Dr. J. McCree, | ) |
| Dr. J. Pate, | ) |
| Nurse D. Capadonia, | ) |
| Nurse S. Blackwell, | ) |
| Julie Powell, nursing supervisor, | ) |
| Defendants. | ) |

This is a civil action filed by a state prisoner, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.  Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Id.* ; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

On June 1, 2020, the Amended Complaint was authorized for service on all Defendants. (ECF No. 49). On August 17, 2020, the summons returned unexecuted as to Lee Infirmary, stating it was not a proper entity.  (ECF No. 59). Time for service ran August 31, 2020. Defendant Lee Infirmary is subject to summary dismissal under § 1915.  Lee Infirmary is not a specific "person" subject to suit under a § 1983 civil rights action.  In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law.  42 U.S.C. § 1983.  A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001); *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished opinion). Buildings or wards are not defendants amenable to suit in a § 1983 action.

## RECOMMENDATION

It is recommended that the District Court dismiss Defendant Lee Infirmary from this case .[1]


|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| September 15, 2020 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

---

[1] No amendment can cure the defect here as to said Defendant.  "[I]f the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact and [appellate jurisdiction exists]. *Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food & Commercial Workers Int'l Union*, 10 F.3d 1064, 1066 (4th Cir. 1993)(internal citation and quotation omitted).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).