UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BILLY D. MORRISON, #296920, a/k/a Billy Devar Morrison, Jr. #256128,<br><br>Plaintiff,<br><br>-vs-<br><br><br>SCDC, LEE INFIRMARY, DR. J. McCREE, DR. J. PATE, NURSE D. CAPADONIA, NURSE S. BLACKWELL, and JULIE POWELL, Nursing Supervisor,<br><br>Defendants. | Civil Action No. 4:19-cv-2171-TMC-TER<br><br><br><br><br><br>**ORDER** |

Plaintiff has filed a Motion for Appointment of Counsel (ECF No. 55) and Motion for Temporary Counsel/Investigator (ECF No. 66). In the first motion he states that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate this case because it is complex and will requires significant research and investigation, and he has limited access to the law library because he is "partially bedridden." He also states that he has made repeated efforts to obtain a lawyer to no avail. In his second motion Plaintiff appears to seek appointment of counsel or an investigator because he needs additional information for service of process on Dr. Pate and Dr. McCree[1] and to add new Defendants. There is no right to appointed counsel in § 1983 cases. Cf. Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment should be allowed only in

---

[1] Dr. McCree and Dr. Pate have both been served and have filed Answers (ECF Nos. 62, 88).

-2-

exceptional cases. <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case. This is a typical complaint by a prisoner seeking to pursue a civil case pro se in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. <u>Whisenant v. Yuam</u>, 739 F.2d 160 (4th Cir. 1984). Accordingly, Plaintiff's Motion for Appointment of Counsel (ECF No. 55) and Motion for Temporary Counsel/Investigator (ECF No. 66) are **DENIED**.

    **IT IS SO ORDERED.**

                                                              s/Thomas E. Rogers, III
                                                             Thomas E. Rogers, III
                                                             United States Magistrate Judge

November 10, 2020
Florence, South Carolina