IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Billy D. Morrison a/k/a Billy Devar Morrison, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> S.C.D.C., Dr. J. McCree, Dr. J. Pate, Nurse D. Capadonia, Nurse S. Blackwell, and Julie Powell, *nursing supervisor*,[1] <br><br> Defendants. | Civil Action No. 4:19-cv-2171-TMC <br><br> **ORDER** |

Plaintiff Billy D. Morrison, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment through their deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 2, 44). This action was originally brought jointly by Plaintiff and four other state prisoners and was docketed as Case Number 4:19-cv-2053-TMC-TER; however, on August 2, 2019, the court severed the instant matter, which was re-docketed under the case number captioned above. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 28, 2021, Defendant Dr. J. Pate filed a motion for summary judgment on the grounds that (1) Plaintiff could not show that Dr. Pate was deliberately indifferent to Plaintiff's medical needs; (2) Dr. Pate is entitled to qualified immunity; (3) Plaintiff's action is barred for failure to exhaust his administrative remedies; and (4) Dr. Pate is not subject to suit under § 1983 in his

---

[1] Defendant Lee Infirmary was dismissed from this action by order of the court on October 5, 2020. (ECF No. 80).

1

official capacity and is entitled to Eleventh Amendment immunity. (ECF No. 108). The next day, the remaining defendants also filed a joint motion for summary judgment. (ECF No. 111). On March 1, 2021, Plaintiff filed a joint response in opposition to both motions. (ECF No. 123).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the Defendants' motions for summary judgment. (ECF No. 130). Plaintiff filed objections to the Report, (ECF No. 133), and this matter is ripe for review.

## BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 130 at 2–6). Briefly, according to Plaintiff's medical records, in December 2017 while he was incarcerated at the Greenville County Detention Center, Plaintiff fell from the top of a bunk bed and fractured his cervical spine, leaving him a paraplegic. (ECF No. 108-1 at 3). Plaintiff was immediately admitted to the hospital and remained there until January 19, 2018, at which point he was transferred to a rehabilitation facility. *Id*. On September 20, 2018, Plaintiff was placed back in the custody of the South Carolina Department of Corrections ("SCDC") and transferred to the infirmary at Kirkland Correctional Institution ("Kirkland"). *Id*. On November 29, 2018, Plaintiff was again transferred from Kirkland to the infirmary at Lee Correctional Institution ("Lee"). *Id*.

Plaintiff's claims center on the allegedly inadequate and improper medical care he received in response to his spinal cord injury while incarcerated at Kirkland and Lee between September 2018 and December 2019. *See* (ECF No. 44 at 12). In particular, Plaintiff alleges that he was refused or provided inadequate pain medication for his spinal cord injury, *id*. at 6–8, 10, 12–14, 16–17; that he repeatedly requested and was denied access to a wheelchair for more than a year, *id*. at 6, 10; that his doctors "overdosed" him on blood thinners, *id*. at 9, 14, 17; that he was denied

2

gloves and medical treatment for his hands for extended periods, *id*. at 6, 10; that other inmates were permitted to change his catheters and urine bags, *id*. at 10; and that when he was transferred to Lee, the medical staff indicated they did not have Plaintiff's medical records from Kirkland and were unaware of his medical conditions or treatment history, *id*. at 13–14.  For relief, Plaintiff seeks monetary damages and injunctive relief against Defendants. *Id*. at 16.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v.*

*Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In his Report, the magistrate judge recommends that the court grant Defendants' motions for summary judgment and dismiss Plaintiff's action for failure to exhaust his administrative remedies. (ECF No. 130 at 11). The magistrate judge recognized that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "requires that a prisoner exhaust the available administrative

4

remedies before filing a [§] 1983 action concerning conditions of his confinement." (ECF No. 130 at 8). The magistrate judge also noted "[t]he United States Supreme Court has held that 'Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.'" *Id*. at 9 (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Thus, the magistrate judge concluded that "[a] failure to exhaust all levels of administrative review is not 'proper exhaustion' and will bar actions filed by inmates under any federal law, including § 1983." *Id*. at 8 (citing *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2386 (2006)).

Having discussed the proper standard for exhaustion, the magistrate judge set forth the administrative grievance process for SCDC as well as Plaintiff's grievance history with respect to the claims at issue. *Id*. at 9–10 (citing ECF Nos. 44 at 19; 44-1 at 4; 108-5 at 8–10; 108-6; 108-7). In particular, the uncontroverted evidence in the record establishes that Plaintiff submitted a Request to Staff Member ("RTSM") to Defendant Nurse Capadonia on April 11, 2019, complaining that Defendant Dr. McCree denied Plaintiff's prescription for "backfin" such that Dr. Pate had to place Plaintiff back on "flexeril." (ECF Nos. 44-1 at 4; 123-1 at 11).[2] The RTSM bears two stamps indicating it was received by prison officials on April 16, 2019 and by General Counsel on May 1, 2019. (ECF No. 44-1 at 4). On May 2, 2019, the Office of General Counsel sent a response to Plaintiff noting that his RTSM was being returned unanswered because Plaintiff failed to submit the proper form for Medical/Infirmary inmates and because Plaintiff failed to limit his grievance to one-page and one issue. *Id*. at 2. However, as the magistrate judge noted, "[t]here is no indication in the record that Plaintiff ever submitted a Step 1 grievance regarding this issue."

---

[2] In support of his motion for summary judgment, Defendant Dr. Pate attached copies of Plaintiff's Medical Requests to Staff and Inmate Grievance History which indicate that Plaintiff has filed numerous grievances. *See* (ECF Nos. 108-6; 108-7). However, the only grievance which in any way relates to the claims asserted in this action—and indeed, the only grievance Plaintiff has submitted in support of his claims—is the RTSM dated April 11, 2019. *See* (ECF Nos. 44-1 at 4; 123-1 at 11).

5

(ECF No. 130 at 10). Though Plaintiff alleges that he continued to submit informal RTSMs on this issue, the magistrate judge found that Plaintiff "has not submitted any of the additional attempts at informal resolution, and the records from the Inmate Grievance Branch of the Office of General Counsel do not include any additional RTSM forms from Plaintiff on the issues raised herein." *Id*. (citing ECF Nos. 44 at 19; 108-6; 108-7).[3] Thus, the magistrate judge concluded that "Plaintiff did not fully exhaust his administrative remedies with respect to the issues raised herein" such that "summary judgment is appropriate." *Id*. at 11.

Liberally construing his objections, Plaintiff appears to object to the magistrate judge's conclusion that he failed to exhaust his administrative remedies. *See* (ECF No. 133 at 3). Specifically, Plaintiff refers to the magistrate judge's order severing Plaintiff's claims from the original putative class action complaint that was filed, *see* (ECF No. 1), and argues that the order found that all claims could proceed and "one/all remedies was exhausted." (ECF No. 133 at 3). However, the magistrate judge's order severing Plaintiff's claims made no findings or ruling as to whether any of the plaintiffs had exhausted their administrative remedies. *See* (ECF No. 1). In fact, the only ruling that makes reference exhaustion of administrative relief in that order is the magistrate judge's finding that, "[g]iven the differences in resulting injury and exhaustion regarding a claim under the Eight Amendment for deliberate indifference to serious medical needs between each Plaintiff in this case, they are not part of the same transaction and occurrence and do not meet the Rule 20 requirements for joinder." *Id*. at 2. Moreover, the magistrate judge noted that "'each Plaintiff would need to meet the exhaustion requirement of the PLRA[,]" but made no

---

[3] The magistrate judge noted that Plaintiff did submit a subsequent RTSM to Defendant Nurse Julie Powell complaining about his gloves falling apart on September 23, 2020, after this action had already been filed. (ECF No. 130 at 10 n.1); *see also* (ECF Nos. 123-1 at 12). Accordingly, the magistrate judge properly concluded that, because "exhaustion is a prerequisite to suit and must be completed prior to filing an action[,]" any claim related to this issue is barred for failure to exhaust administrative remedies. (ECF No. 130 at 10 n.1 (citing *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676–77 (4th Cir. 2005))).

6

finding that such requirement had been met as to any particular plaintiff or claim. *Id*. (quoting *McFadden v. Fuller*, No. 2:13-2290-JMC, 2013 WL 6182365, at *1 (D.S.C. Nov. 22, 2013)). Thus, nothing in the severance order dictates that Plaintiff has exhausted his administrative remedies such that his claims may proceed under the PLRA, and Plaintiff's objection is overruled.

The remainder of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims and arguments in opposition to summary judgment. *See* (ECF No. 133). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, CA No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

The court identifies only one error in the Report. Specifically, the Report recommends granting both motions for summary judgment based on Plaintiff's failure to exhaust his administrative remedies; however, only Dr. Pate's motion for summary judgment asserts Plaintiff's failure to exhaust his administrative remedies under the PLRA, while the remaining defendants' motion makes no such argument. *Compare* (ECF No. 108), *with* (ECF No. 111). The United States Supreme Court has made clear that "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Furthermore, the Fourth Circuit Court of Appeals has clarified that "[e]xceptions to this rule, which allow a court to sua sponte dismiss a complaint for failure to exhaust administrative remedies, are rare." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). In particular, the Fourth Circuit has held that the exception permitting a court to sua sponte dismiss an inmate's complaint "when the court has given the inmate an opportunity to address or respond to the alleged failure to exhaust .

. . does not survive post-*Jones*." *Id*. at 362 (citing *Jones*, 549 U.S. at 216). Thus, because Dr. Pate was the only defendant to raise the failure to exhaust administrative remedies in his motion, only he is entitled to summary judgment on that ground and the court cannot sua sponte raise it for the remaining defendants in support of their motion. *See id*. at 361 (noting "failure-to-exhaust is an affirmative defense that the defendant must raise").

Having thoroughly reviewed the record, the court **ADOPTS in part** the magistrate judge's Report. (ECF No. 130). Specifically, the court **ADOPTS** the Report's statement of the facts, analysis, and recommendation to grant summary judgment in favor of Defendant Dr. Pate and incorporates the same herein. Accordingly, Defendant Dr. Pate's motion for summary judgment (ECF No. 108) is **GRANTED**. The court **DECLINES**, however, to adopt the Report's recommendation as to the remaining defendants' motion for summary judgment (ECF No. 111) and **REMANDS** the matter back to the magistrate judge for further consideration of said motion in accordance herewith.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 21, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.