IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Billy D. Morrison a/k/a Billy Devar Morrison, Jr., </br>  </br> Plaintiff, </br>  </br> vs. </br>  </br> S.C.D.C., Dr. J. McCree, Nurse D. Capadonia, Nurse S. Blackwell, and Julie Powell, *nursing supervisor*,[1] </br>  </br> Defendants. | Civil Action No. 4:19-cv-2171-TMC </br>  </br> **ORDER** |

Plaintiff Billy D. Morrison, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment through their deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 2, 44). This action was originally brought jointly by Plaintiff and four other state prisoners and was docketed as Case Number 4:19-cv-2053-TMC-TER; however, on August 2, 2019, the court severed the instant matter, which was re-docketed under the case number captioned above. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 29, 2021, Defendants filed a joint motion for summary judgment on the grounds that (1) Plaintiff's allegations do not rise to the level of a violation of any constitutional or federal right; (2) Plaintiff cannot recover against any defendant under the theories of vicarious liability, *respondeat superior*, or supervisory liability; (3) Defendants are entitled to qualified immunity

---

[1] Defendant Lee Infirmary was dismissed from this action by order of the court on October 5, 2020, (ECF No. 80), and on July 21, 2021, the undersigned granted summary judgment in favor of Defendant Dr. J. Pate, (ECF No. 135).

1

from suit; and (4) Defendants not subject to suit under § 1983 in their official capacities and are entitled to Eleventh Amendment immunity. (ECF No. 111). On March 1, 2021, Plaintiff filed a response in opposition to the motion. (ECF No. 123).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant in part and deny in part the Defendants' motions for summary judgment. (ECF No. 139). In particular, the magistrate judge recommended that Defendants' motion be denied as to Plaintiff's claim against Nurse Cappadonia for failing to provide Plaintiff with a wheelchair, and that the motion be granted as to all other claims. *See id*. at 7–20. Both Plaintiff and Nurse Cappadonia[2] filed objections to the Report, (ECF Nos. 142; 144), and this matter is ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 139 at 2–5). Briefly, according to Plaintiff's medical records, in December 2017 while he was incarcerated at the Greenville County Detention Center, Plaintiff fell from the top of a bunk bed and fractured his cervical spine, leaving him a paraplegic. (ECF No. 108-1 at 3). Plaintiff was immediately admitted to the hospital and remained there until January 19, 2018, at which point he was transferred to a rehabilitation facility. *Id*. On September 20, 2018, Plaintiff was placed back in the custody of the South Carolina Department of Corrections ("SCDC") and transferred to the infirmary at Kirkland Correctional Institution ("Kirkland"). *Id*. On November 29, 2018, Plaintiff was again transferred from Kirkland to the infirmary at Lee Correctional Institution ("Lee"). *Id*.

---

[2] Defendant Nurse Cappadonia indicates in her objections that her name is incorrectly spelled in the case caption as "Capadonia." (ECF No. 144 at 1). Accordingly, the court shall refer to her by the correct spelling set forth in her objections.

Plaintiff's claims center on the allegedly inadequate and improper medical care he received in response to his spinal cord injury while incarcerated at Kirkland and Lee between September 2018 and December 2019.  *See* (ECF No. 44 at 12).   In particular, Plaintiff alleges that he was refused or provided inadequate pain medication for his spinal cord injury, *id*. at 6–8, 10, 12–14, 16–17; that he repeatedly requested and was denied access to a wheelchair for more than a year, *id*. at 6, 10; that his doctors "overdosed" him on blood thinners, *id*. at 9, 14, 17; that he was denied gloves and medical treatment for his hands for extended periods, *id*. at 6, 10; that other inmates were permitted to change his catheters and urine bags, *id*. at 10; and that when he was transferred to Lee, the medical staff indicated they did not have Plaintiff's medical records from Kirkland and were unaware of his medical conditions or treatment history, *id*. at 13–14.  For relief, Plaintiff seeks monetary damages and injunctive relief against Defendants.  *Id*. at 16.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v.*

3

*One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, because Plaintiff is proceeding *pro se*, the court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not

mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

*A. Report & Recommendation*

In his Report, the magistrate judge recommends that the court deny Defendants' motion for summary judgment as to Plaintiff's claim regarding the denial of a wheelchair against Defendant Nurse Cappadonia and grant the motion as to the rest of Plaintiff's claims against all Defendants. *See* (ECF No. 139 at 7–20). The magistrate judge began by discussing the standard for § 1983 claims generally and found that all Defendants are entitled to immunity from suit under the Eleventh Amendment to the extent they were acting in their official capacities. *Id*. at 7–8.

The magistrate judge then considered Plaintiff's claims for deliberate indifference to his serious medical needs. *Id*. at 8–19. As the magistrate judge correctly noted, "[t]o constitute deliberate indifference to a serious medical need, 'the treatment a prisoner receives must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness.'" *Id*. at 9 (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, "[u]nless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which [they] were aware at the time, a plaintiff may not prevail." *Id*. at 9 (citing *Estelle v. Gamble*, 429 U.S. 97 ,105 (1976); *Farmer*, 511 U.S. at 837; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986)).

In this case, Plaintiff asserts three separate claims for deliberate indifference—specifically, that the medication he was provided was improper and insufficient to treat his pain and muscle spasms, that he was denied access to a wheelchair for over a year and a half despite repeatedly

5

requesting one from Nurse Cappadonia, and that he not provided the gloves needed to treat his hands for over a year. *See* (ECF No. 44). The magistrate judge addressed each claim in turn.

First, as to Plaintiff's claim regarding his medication, the magistrate judge found "the record reveals that Plaintiff was treated with BenGay for pain in his hands, and that Plaintiff requested this treatment because it was the only thing that worked." (ECF No. 139 at 9–10). The magistrate judge also noted that, according to his medical records, Plaintiff was provided with baclofen and Flexeril for his muscle spasms, and that the prescription for baclofen was only stopped because baclofen was no longer available. *Id*. at 10. Although Plaintiff argues that baclofen was available but was merely denied to Plaintiff because it was being abused by other inmates, the magistrate judge found no evidentiary support for this statement beyond Plaintiff's own self-serving arguments. *Id*. Further, the magistrate judge noted that, even if Plaintiff's assertion regarding the availability of baclofen were true, the medical records indicate Plaintiff's muscle spasms were still being treated with Flexeril, contrary to Plaintiff's allegations that he was only given Tylenol or aspirin for his pain. *Id*. Thus, the magistrate judge recognized that Plaintiff "does not allege that his pain was ignored or that any Defendants failed to give him the medication he was prescribed[;] [r]ather, he complains that the medication prescribed to treat his paint was not adequate." *Id*. However, as the magistrate judge correctly noted, "'the Constitution . . . does not guarantee to a prisoner the treatment of his choice[,]'" and "[a] prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation." *Id*. at 10–11 (quoting *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)). Accordingly, the magistrate judge concluded that, "[b]ecause Plaintiff's pain was consistently addressed and treated, the fact

6

that he did not receive the treatment of his choice does not give rise to a constitutional violation, and summary judgment is appropriate as to this claim." *Id*. at 11–12.

Next, the magistrate judge considered Plaintiff's claim regarding Nurse Cappadonia's refusal to provide Plaintiff with a wheelchair. *Id*. at 12–17. Initially, the magistrate judge noted that there are only three mentions of a wheelchair in the medical records before the court, two of which are from Plaintiff's medical records while at Kirkland. *Id*. at 12 (citing ECF Nos. 113 at 39; 114 at 145). The only notation regarding a wheelchair made during Plaintiff's time at Lee is a progress noted dated January 31, 2019, in which Dr. Pate indicated Plaintiff had an "abrasion on [the] right side of [his] right thigh from wheelchair – chair has been fixed – dressing to wound." *Id*.; *see also* (ECF Nos. 108-1 at 7; 108-3 at 5). This is the only evidence that Plaintiff used a wheelchair while at Lee. On the other hand, the magistrate judge noted that Plaintiff's Amended Complaint alleges Plaintiff repeatedly asked Nurse Cappadonia for a wheelchair and his response to the motion for summary judgment indicates that he still does not have a wheelchair. (ECF No. 139 at 12 (citing ECF No. 44 at 10)). Additionally, Plaintiff submitted a declaration from a fellow inmate at Lee, Samuel Huguenin, Jr., who avers that Plaintiff "has no wheelchair or one to use in the infirmary due to size[] and h[e]ight." *Id*.; *see also* (ECF No. 123-1 at 8). Moreover, the magistrate judge noted that "[i]t is undisputed in the record that Plaintiff complained to Nurse Cappadonia that he needed a wheelchair." (ECF No. 139 at 13). Further, in his affidavit, Dr. Pate averred that Plaintiff needs a wheelchair because he is a paraplegic and cannot walk, and that "[h]ad [Plaintiff] ever complaint to [Dr. Pate] or informed [him] that he had been denied access to a wheelchair, [Dr. Pate] would have taken appropriate action to ensure that a wheelchair was provided to him." (ECF No. 108-1 at 6–7); *see also* (ECF No. 139 at 13). Thus, the magistrate judge found that "[w]hile the medical records reveal that Plaintiff has used a wheelchair at times,

there is also evidence that he did not have a wheelchair." (ECF No. 139 at 12–13). Consequently, the magistrate judge concluded that, "viewing the facts in a light most favorable to Plaintiff, he did not have a wheelchair for the majority of the time period alleged in this action." *Id*. at 13.

The magistrate judge then noted that the failure to provide a wheelchair for an inmate may constitute deliberate indifference to serious medical need in certain circumstances, including (1) when it denies the inmate "of the minimal civilized measures of life's necessities" such that it "pose[s] a substantial risk of serious harm[;]" or (2) when an inmate in need of a wheelchair is deprived of the use of one for extended periods of time or without adequate justification. *Id*. at 13–14 (citing *LaFaut v. Smith*, 834 F.2d 389, 393–94 (4th Cir. 1987); *Vanzant v. Wilcox*, No. 1:15-cv-00118-BLW-CWD, 2018 WL 1468585, at *4 (D. Idaho Mar. 26, 2018); *Lavender v. Lampert*, 242 F. Supp. 2d 821, 849 (D. Or. 2002); *Beckford v. Irvin*, 49 F. Supp. 2d 170, 180 (W.D.N.Y. 1999)) (internal quotation marks omitted). Applying this standard to the facts as viewed in the light most favorable to Plaintiff—specifically, "that Plaintiff repeatedly asked Nurse Cappadonia for a wheelchair for over a year, and there is no evidence in the record as to why Plaintiff was not provided with a wheelchair"—the magistrate judge concluded that a question of material facts exists as to whether Nurse Cappadonia was deliberately indifferent to Plaintiff's medical needs. *Id*. at 15.

The magistrate judge also fully addressed Defendants' argument that they are entitled to qualified immunity as to Plaintiff's claim regarding the wheelchair. *Id*. at 15–17. As the magistrate judge correctly noted, "[q]ualified immunity 'shields government officials from liability for civil damages, provided that their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person.'" *Id*. at 15 (quoting *Meyers v. Baltimore Cty.*, 713 F.3d 723, 731 (4th Cir. 2013)). In other words, in this case, the question is

whether the right allegedly violated—failing to provide Plaintiff with a wheelchair—was a clearly established constitutional right at the time the violation occurred. *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 230–33 (2009)). Relying on the Fourth Circuit's opinion in *LaFaut*, the magistrate judge determined that "the Fourth Circuit has long held that in certain circumstances the deprivation of a wheelchair or the inability to use a wheelchair violates an inmate's constitutional rights." *Id*. at 17 (citing *LaFaut*, 834 F.2d at 394). Consequently, the magistrate judge found that, "[b]ased on the general constitutional principles established in *LaFaut* and the facts in the present case . . . a reasonable person in Nurse Cappadonia's position should have know that not providing Plaintiff with a wheelchair would violate Plaintiff's right to be free from cruel and unusual punishment." *Id*. (citing *Wilson v. Prince George's Cty., Md*., 893 F.3d 213, 219 (4th Cir. 2018)). The magistrate judge concluded, therefore, that a material issue of fact existed that precluded summary judgment as to the issue of qualified immunity on this claim. *Id*.

Thirdly, the magistrate judge turned to Plaintiff's third deliberate indifference claim alleging that it took over a year for him to receive the special gloves needed for his hands. *Id*. at 18–19. The magistrate judge set forth the timeline with respect to the gloves, noting that in February 2019, Dr. Pate saw Plaintiff and indicated Plaintiff needed to see an orthopedist for special gloves; on April 1, 2019, Plaintiff was seen by an orthopedic consultant who ordered "bilateral resting hand splints to help with [Plaintiff's] flexion contractures[;]" on May 2, 2019, Plaintiff returned to the orthopedic clinic to be fitted for the splints; and by at least August 2019, Plaintiff had received his gloves. *Id*. at 18 (quoting ECF No. 108-1 at 7). The magistrate judge then pointed out that, regardless of whether Plaintiff's complaint is that it took him one year to see a specialist to order the gloves or that it took one year for him to receive the gloves, a delay in the provision of medical treatment will only give rise to a constitutional claim for deliberate

indifference "'if the delay results in some substantial harm to the patient.'" *Id*. (quoting *Webb v. Hamidullah*, 281 Fed. App'x 159, 166 (4th Cir. 2008)).  Thus, "[a] plaintiff alleging deliberate indifference as a result of a delay in medical treatment must show that any alleged delay caused further injury." *Id*.  In this case, the magistrate judge found that, even though Plaintiff alleges he suffered additional nerve damage as a result of the delay in receiving his gloves, "he has presented no competent evidence in the record to support this allegation." *Id*. at 19.  Therefore, because Plaintiff failed to produce any evidence sufficient to create a question of material fact, the magistrate judge concluded that the Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claim related to any delay in providing Plaintiff with his specialized gloves. *Id*.

Finally, the magistrate judge addressed Plaintiff's claim for supervisory liability against Nurse Blackwell and Nursing Supervisor Julie Powell. *Id*. at 19–20.  In his Amended Complaint, Plaintiff alleges merely that Nurse Blackwell supervised the other nurses and oversaw the daily operations of the infirmary and that he spoke with Nurse Supervisor Powell about his concerns; however, Plaintiff does not allege that either defendant had any personal involvement in his medical treatment. *Id*. at 19.  As the magistrate judge correctly noted, supervisor liability is generally not recoverable under § 1983 except in a limited exception created by the Fourth Circuit. *Id*. (citing *Monell v. Dept' of Soc. Servs*., 436 U.S. 658, 694 (1978); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).  In order to fall within this exception, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id*. at 19–20 (quoting *Shaw*, 13 F.3d at 799). Applying this test to the facts of this case, the magistrate judge found that Plaintiff's claim for supervisory liability could not meet the requirements of the exception. *Id*. at 20. Specifically, the magistrate judge found that, as previously discussed, there was no evidence in the record that any of the Defendants engaged in conduct posing an unreasonable risk of constitutional injury with respect to Plaintiff's medications or his gloves for which Defendants Blackwell and Powell could be vicariously liable. *Id*. Additionally, as to Plaintiff's claim regarding access to a wheelchair, the magistrate judge found "there is insufficient evidence in the record that either Nurse Blackwell or Julie Powell were aware of Plaintiff's lack of a wheelchair." *Id*. Accordingly, the magistrate judge concluded that Defendants Blackwell and Powell are entitled to summary judgment on Plaintiff's supervisory liability claim. *Id*.

B. Objections to the Report

On August 12, 2021, Plaintiff filed his objections to the Report. (ECF No. 142). However, Plaintiff's objections are non-specific, unrelated to the current Report, or merely restate Plaintiff's claims and arguments in opposition to summary judgment. *See id*. In particular, Plaintiff (1) repeats irrelevant allegations from his previous objections to an earlier Report by the magistrate judge regarding whether Plaintiff has problems with alcohol and drug use as well as a personality disorder, *id*. at 1; (2) restates his allegations as to all three deliberate indifference claims[3] as well as his claim for supervisory liability against Defendants Blackwell and Powell, all of which the magistrate judge thoroughly considered and addressed, *id*. at 2–5; and (3) reiterates allegations regarding the improper administration of blood thinners against Dr. Pate, who has already been dismissed and is no longer a party to this action, *id*. at 5. It is well-settled in this Circuit that "an

---

[3] Plaintiff appears to object to the magistrate judge's conclusion that his deliberate indifference claim for denial of access to a wheelchair survives summary judgment. *See* (ECF No. 142 at 2–3).

objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).  Thus, Plaintiff has failed to submit any specific objections to the Report.

Similarly, on August 13, 2021, Nurse Cappadonia also filed two objections to the Report's conclusion that the deliberate indifference claim against her survives summary judgment. (ECF No. 144).  First, Nurse Cappadonia objects to the magistrate judge's finding that a material question of fact exists regarding whether Plaintiff was deprived of a wheelchair, arguing that there is no evidence beyond Plaintiff's own self-serving allegations that he was ever without a wheelchair or that his wheelchair was taken from him. *Id*. at 2.  This first objection is unavailing. As an initial matter, Nurse Cappadonia's objection fails to take into account the sworn declaration by Samuel Huguenin, Jr., Plaintiff's fellow inmate, which indicated that Plaintiff has no wheelchair and on which the magistrate judge relied in reaching his conclusion.  *See* (ECF Nos. 123-1 at 8; 139 at 4, 12).  Moreover, Nurse Cappadonia's argument on this objection focuses on evidence not just regarding the availability of a wheelchair for Plaintiff—of which, as the magistrate judge correctly noted, there is not much—but on the overall medical care provided to Plaintiff, which is

12

entirely irrelevant to the question of whether he was in fact deprived of the use of a wheelchair at any point. *See* (ECF No. 144 at 2–4). Thus, because Nurse Cappadonia fails to identify any factual or legal error by the magistrate judge, the court finds that this objection amounts to no more than a statement of Nurse Cappadonia's disagreement with the magistrate judge's conclusion that a material question of fact exists such that the claim against her survives summary judgment. Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Consequently, Nurse Cappadonia's first argument fails to state a specific objection to the Report.

Second, Nurse Cappadonia asserts that independent medical expert testimony is required to establish deliberate indifference, which Plaintiff failed to produce. *Id*. at 4. Nurse Cappadonia cites no authority in support of this argument, however, nor is it likely that she could, given that the Fourth Circuit has held, "in certain circumstances, a deliberate indifference plaintiff does not need expert medical testimony to survive summary judgment." *Edwards v. Graham Cty. Jail*, 1:16-cv-315-FDW, 2017 WL 5894496, at *7 (W.D.N.C. Nov. 29, 2017) (citing *Scinto v. Stansberry*, 841 F.3d 219, 229–30 (4th Cir. 2016)). In *Scinto*, the plaintiff—a diabetic inmate— brought a deliberate indifference claim against prison officials who had allegedly deprived him of insulin. 841 F.3d at 227–28. Regarding the absence of expert medical testimony, the Fourth Circuit explained,

> There is no requirement . . . that a plaintiff alleging deliberate indifference present expert testimony to support his allegations of serious injury or substantial risk of serious injury.  Rather, the Federal Rules of Evidence apply, and expert testimony is necessary—indeed, permissible—only when it will "help the trier of fact to understand the evidence or to determine a fact in issue."  When laypersons are just "as capable of comprehending the primary facts and of drawing correct conclusions from them" as are experts, expert testimony may properly be excluded.  As a result, when the seriousness of an injury or illness and the risk of leaving that injury or illness untreated would be apparent to a layperson, expert testimony is not necessary to establish a deliberate indifference claim.

*Id*. at 230 (quoting Fed. R. Evid. 702(a); *Salem v. U.S. Lines Co*., 370 U.S. 31, 35 (1962)) (internal citations omitted).  Applying this standard to the facts in *Scinto*, the Fourth Circuit held that "a jury is capable of understanding, unaided, the risks of failing to provide insulin to a diabetic and of a trained doctor's denial of a diabetic's known need for insulin" such that no expert testimony was needed to support the plaintiff's deliberate indifference claim.  *Id*.  Similarly, in this case, the court finds that a layperson is more than capable of comprehending, unaided, a paraplegic's need for a wheelchair and the risks of failing to provide a wheelchair such that expert testimony is unnecessary to support Plaintiff's claim.  Moreover, even if such testimony were necessary, Dr. Pate's affidavit[4] explicitly states that "[Plaintiff] is paraplegic and cannot walk.  He needs a wheelchair."  (ECF No. 108-1 at 6).  Consequently, the court finds that Plaintiff need not produce any expert testimony to support his deliberate indifference claim for denial of a wheelchair, and this objection is overruled.

---

[4] Nurse Cappadonia's objections appear to concede that any of the medical professional defendant's testimony or affidavits would satisfy the expert requirement, including her own affidavit, as well as those of Dr. McRee, Nurse Blackwell, Nurse Powell, and Dr. Pate.  (ECF No. 144 at 4–5).

14

Given that the remainder of the parties' objections are non-specific, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

## CONCLUSION

Having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report (ECF No. 139), **ADOPTS** the Report, and incorporates the same herein. Accordingly, the court **GRANTS in part and DENIES in part** Defendants' motion for summary judgment (ECF No. 111). Specifically, the motion is **DENIED** as to Plaintiff's deliberate indifference claim against Defendant Nurse Cappadonia regarding the alleged denial of a wheelchair and **GRANTED** as to all other claims. This matter is now returned to the magistrate judge for further pre-trial processing.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
September 24, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.