IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Billy D. Morrison a/k/a Billy Devar Morrison, Jr., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| S.C.D.C., Dr. J. McCree, Nurse D. Capadonia, Nurse S. Blackwell, and Julie Powell, *nursing supervisor*,[1] | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

Civil Action No. 4:19-cv-2171-TMC

**ORDER**

Plaintiff Billy D. Morrison, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment through their deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 2, 44). This action was originally brought jointly by Plaintiff and four other state prisoners and was docketed as Case Number 4:19-cv-2053-TMC-TER; however, on August 2, 2019, the court severed the instant matter, which was re-docketed under the case number captioned above. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 24, 2022, Defendant Nurse Cappadonia[2] filed a motion for summary judgment on the grounds that (1) Plaintiff cannot show Nurse Cappadonia was deliberately indifferent to any

---

[1] The only remaining Defendant to this action is Nurse D. Capadonia. Defendant Lee Infirmary was dismissed from this action by order of the court on October 5, 2020, (ECF No. 80), and the undersigned granted summary judgment in favor of Defendant Dr. J. Pate (ECF No. 135) and Defendants S.C.D.C., Dr. J. McCree, Nurse S. Blackwell, ad Julie Powell (ECF No. 149).

[2] Defendant Nurse Cappadonia has previously indicated that her name is incorrectly spelled in the case caption as "Capadonia." (ECF No. 144 at 1). Accordingly, the court shall refer to her by the correct spelling she has identified.

1

serious medical need or that she denied him access to a wheelchair, and (2) Plaintiff has failed to exhaust his administrative remedies against Nurse Cappadonia. (ECF No. 155). On February 18, 2022, Plaintiff filed a response in opposition to the motion (ECF No. 160), and, on February 21, 2022, Nurse Cappadonia filed her reply (ECF No. 163).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Nurse Cappadonia's motion for summary judgment and dismiss this action in its entirety. (ECF No. 174). Plaintiff filed objections to the Report, (ECF No. 176), and this matter is ripe for review.

## BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts, procedural history, and legal standards, which are incorporated herein by reference. (ECF No. 174 at 1–7). Briefly, according to Plaintiff's medical records, in December 2017 while he was incarcerated at the Greenville County Detention Center, Plaintiff fell from the top of a bunk bed and fractured his cervical spine, leaving him a paraplegic. (ECF No. 108-1 at 3). Plaintiff was immediately admitted to the hospital and remained there until January 19, 2018, at which point he was transferred to a rehabilitation facility. *Id*. On September 20, 2018, Plaintiff was placed back in the custody of the South Carolina Department of Corrections ("SCDC") and transferred to the infirmary at Kirkland Correctional Institution ("Kirkland"). *Id*. On November 29, 2018, Plaintiff was again transferred from Kirkland to the infirmary at Lee Correctional Institution ("Lee"). *Id*.

Plaintiff's claims center on the allegedly inadequate and improper medical care he received in response to his spinal cord injury while incarcerated at Kirkland and Lee between September 2018 and December 2019. *See* (ECF No. 44 at 12). In particular, Plaintiff alleges that he

repeatedly requested but was denied access by Nurse Cappadonia to a wheelchair for more than a year. *Id*. at 6, 10. For relief, Plaintiff seeks monetary damages and injunctive relief. *Id*. at 16.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the

court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, because Plaintiff is proceeding *pro se*, the court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'")).

## DISCUSSION

*A. Report & Recommendation*

In his Report, the magistrate judge recommends that the court grant Nurse Cappadonia's motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. *See* (ECF No. 174 at 7–10). The magistrate judge recognized that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "requires that a prisoner exhaust the available administrative remedies before filing a [§] 1983 action concerning conditions of his confinement." (ECF No. 174 at 7). The magistrate judge also noted "[t]he United States Supreme Court has held

that 'Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.'" *Id*. (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Thus, the magistrate judge concluded that "[a] failure to exhaust all levels of administrative review is not 'proper exhaustion' and will bar actions filed by inmates under any federal law, including § 1983." *Id*. (citing *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2386 (2006)).

Having discussed the proper standard for exhaustion, the magistrate judge then set forth the administrative grievance process for SCDC as well as Plaintiff's grievance history with respect to his claim against Nurse Cappadonia. *Id*. at 8–9 (citing ECF Nos. 108-5; 108-7; 111-6; 155-3; 155-5). In particular, the magistrate judge found that there is no evidence in the record that Plaintiff ever submitted a Request to Staff Member ("RTSM")—the first step in SCDC's grievance procedures—either requesting a wheelchair or complaining that he had not been provided with one. *Id*. at 8. Indeed, "[t]here is no mention of a wheelchair in any of the RTSM forms submitted to the court." *Id*. (citing ECF Nos. 155-4; 155-5; 108-7). Additionally, in her affidavit, Nurse Cappadonia asserted that she is unaware of any grievances filed against her specifically regarding Plaintiff's need for a wheelchair. *Id*. (citing ECF Nos. 111-6; 155-3).

The magistrate judge further noted that "Plaintiff does not dispute Nurse Cappadonia's argument that he failed to exhaust his administrative remedies with respect to the wheelchair[,]" but instead "argues in his [sur-reply] that the District Judge has already ruled that Dr. Pate was the only Defendant to raise exhaustion as a defense to liability in his motion and thus, the court cannot raise it for the remaining Defendants." *Id*. at 9; *see also* (ECF No. 135). Addressing this argument, the magistrate judge correctly found that, "[w]hile Plaintiff is correct regarding the court's prior ruling, it is not a bar to Nurse Cappadonia's present exhaustion argument." (ECF No. 174 at 9). The magistrate judge explained that the undersigned "did not rule that Plaintiff had exhausted his

5

administrative remedies . . . [and] did not limit the parties as to what arguments could be raised in a subsequent dispositive motion on the sole remaining claim in this case" such that "Nurse Cappadonia is not prohibited from raising exhaustion in the present motion." *Id*.

Thus, the magistrate judge found that "Nurse Cappadonia has presented evidence that Plaintiff failed to exhaust his administrative remedies and Plaintiff has failed to present evidence to show otherwise." *Id*. at 10. Accordingly, the magistrate judge concluded that, "because there is no evidence in the record that Plaintiff exhausted his administrative remedies with respect to his need for a wheelchair, summary judgment is appropriate." *Id*. at 10.

### B. *Objections to the Report*

On July 14, 2022, Plaintiff filed his objections to the Report. (ECF No. 176). However, Plaintiff's objections are non-specific and entirely unrelated to the current Report, instead merely restating Plaintiff's claims and arguments that he has asserted throughout this litigation. *See id*. It is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Moreover, to the extent Plaintiff's objections could

liberally be construed to state Plaintiff's general disagreement with the magistrate judge's conclusion and recommended disposition, objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Thus, Plaintiff has failed to submit any specific objections to the Report, and the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

## CONCLUSION

Having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report (ECF No. 174), **ADOPTS** the Report, and incorporates the same herein. Accordingly, the court **GRANTS** Defendant Nurse Cappadonia's motion for summary judgment (ECF No. 155). Thus, having disposed of the only remaining claim, this case is dismissed in its entirety.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 24, 2022

---

[3] Consequently, Plaintiff's pending motion for records (ECF No. 178) is **DENIED as moot**.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.